[No. 11906.   In Bank. — April 26, 1890.]

JAMES W. MOYLE ET AL., APPELLANTS, *v.* M. LAN-DERS'S ADMINISTRATORS ET AL., RESPONDENTS.

CORPORATION — MISAPPROPRIATION OF PROPERTY BY DIRECTORS — BILL IN EQUITY BY STOCKHOLDERS — PLEADING — DEMURRER. — A bill in equity by stockholders of a corporation, brought against the corporation, its directors, and certain other persons, for an accounting, and the recovery for the benefit of the company of moneys of the corporation alleged to have been fraudulently misappropriated by the other defendants, is not liable to a general demurrer if it shows a cause of action in favor of the corporation against the other defendants; that plaintiffs are, and were at all times mentioned in the complaint, stockholders of the corporation; that the facts and circumstances would render it useless to apply to the directors to institute the action in the name of the corporation, and entitle the stockholders to sue for the benefit of the corporation; nor is it liable to a special demurrer in respect of parties or of the statute of limitations, or of ambiguity and uncertainty, if it appears that all persons not plaintiffs, who are necessary or proper parties to the action, are made defendants; that the action is not barred by the statute of limitations upon the face of the complaint; and that the complaint, though multifarious and obscure, is not ambiguous nor unintelligible in the particulars specified in such demurrer.

ID. — AMENDMENT JOINING ADDITIONAL STOCKHOLDER AS PLAINTIFF — PRESUMPTION OF LEAVE — APPEAL. — When such action is brought on behalf of all stockholders who might see fit to join as plaintiffs therein, it is proper for the court to allow an amendment joining an additional stockholder as a party plaintiff, who was from the beginning, and still is, a stockholder; and if the record shows the addition of such party after the filing of the complaint, the presumption will be indulged upon appeal that he was made so by leave of the court.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*L. E. Bulkeley,* for Appellants.

No demand was necessary that suit should be brought in the name of the corporation by the directors who are charged with the fraud which is sought to be redressed. (3 Pomeroy's Eq. Jur. 10; Cook on Stock and Stockholders, 695; *Smith* v. *Poor,* 40 Me. 415; 63 Am. Dec. 672; *Brinkerhoff* v. *Bostwick,* 88 N. Y. 52; *Wilcox* v. *Brickel,* 11 Neb. 154; *Fisher* v. *Andrews,* 37 Hun, 176; *County of Tazewell* v. *Farmers' etc. Co.,* 12 Fed. Rep. 752; *Board of Tippecanoe* v. *Lafayette etc. C. R. R. Co.,* 50 Ind. 85; *Dunphy* v. *Traveller Newspaper Ass'n,* 146 Mass. 498; *Parrott* v. *Byers,* 40 Cal. 622; *Neall* v. *Hill,* 16 Cal. 151; 76 Am. Dec. 508; *Mussina* v. *Goldthwaite,* 34 Tex. 125; 7 Am. Rep. 281; *Mitchell* v. *Bank of St. Paul,* 7 Minn. 192; *Brewer* v. *Boston Theatre Co.,* 104 Mass. 378; *Rodgers* v. *Lafayette Agrl. Works,* 52 Ind. 296; *Heath* v. *Erie R. R. Co.,* 8 Blatchf. 347; *Pond* v. *Vermont Valley R. R. Co.,* 12 Blatchf. 280; *Ryan* v. *Leavenworth etc. R. R. Co.,* 21 Kan. 365; *Peabody* v. *Flint,* 6 Allen, 52; *Jones* v. *Johnson,* 10 Bush, 649; *Hills* v. *Parrish,* 14 N. J. Eq. 380; *Booth* v. *Robinson,* 55 Md. 419; *Watts's Appeal,* 78 Pa. St. 370; *Brown* v. *Van Dyke,* 8 N. J. Eq. 795; 55 Am. Dec. 250; *Kelsey* v. *Sargent,* 40 Hun, 150; *Dowd* v. *W. P. etc. R'y Co.,* 65 Wis. 108.) The complaint shows that plaintiffs were stockholders at the time of the transaction complained of. But the weight of authority is, that it is sufficient if plaintiff is a stockholder at the time the suit is commenced. (*Ramsey* v. *Gould,* 57 Barb. 399; *Seaton* v. *Grant,* L. R. 2 Ch. App. 459; *Winsor* v. *Bailey,* 55 N. H. 218; *Bloxom* v. *Met. R'y Co.,* L. R. 3 Ch. App. 337; *March* v. *Eastern R'y Co.,* 43 N. H. 519; 77 Am. Dec. 732; *Neall* v. *Hill,* 16 Cal. 152; 76 Am. Dec. 508; *Wright* v. *Oroville*

*Mfg. Co.*, 40 Cal. 20; *Parrott* v. *Byers*, 40 Cal. 624; *Goodwin* v. *Hardy*, 57 Me. 143; 99 Am. Dec. 758; *Jones* v. *Terre Haute R. R. Co.*, 17 How. Pr. 529; *Elkins* v. *Camden etc. R. R. Co.*, 36 N. J. Eq. 5; *Irvine* v. *Oregon etc. Co.*, 62 How. Pr. 490; *State* v. *Smith*, 15 Or. 98.) The directors were all necessary parties. (*Ducket* v. *Grover*, L. R. 6 Ch. Div. 82; *Mason* v. *Harris*, L. R. 11 Ch. Div. 97.) There is no bar of the statute clearly appearing upon the face of the complaint; and the question cannot, therefore, be raised upon demurrer. (*Ord* v. *De la Guerra*, 18 Cal. 76; *Barringer* v. *Warden*, 12 Cal. 314; *Pavisch* v. *Bean*, 48 Cal. 364; *Merritt* v. *Walsh*, 32 N. Y. 685; *Umstead* v. *Buskirk*, 17 Ohio St. 113; *Farris* v. *Merrit*, 63 Cal. 118.)

*H. G. Sieberst*, and *D. L. Smoot*, for Respondents.

The failure or refusal of the corporation to sue upon demand is a condition precedent to the right of the stockholders to sue. (*Foute* v. *Cunard Mining Co.*, 17 Fed. Rep. 46; *Kennebec* v. *Portland R. R. Co.*, 54 Me. 173, 181; *Hasey* v. *Veazy*, 24 Me. 9; *Greaves* v. *Gonge*, 69 N. Y. 154; *Memphis City* v. *Dean*, 8 Wall. 64, 73; *Dodge* v. *Woolsey*, 18 How. 331, 345; *Brewer* v. *Boston Theatre Co.*, 104 Mass. 378; *Cogswell* v. *Bull*, 39 Cal. 320; *Smith* v. *Hurd*, 12 Met. 371; 46 Am. Dec. 690.) The cause of action is barred, because it appears that the fraud charged might have been discovered by reasonable diligence, and plaintiffs' means of knowledge is equivalent to knowledge. (Civ. Code, secs. 377, 378; *Leroy* v. *Milliken*, 59 Cal. 281; *Collins* v. *Mack*, 31 Ark. 684; *State* v. *Giles*, 52 Ind. 356; *Stanton* v. *Stanton*, 36 Ind. 445; *Beatty* v. *Nickerson*, 73 Ill. 605; *Hunter* v. *Hunter*, 50 Mo. 452; *Sutton* v. *Dye*, 60 Ga. 449; *Kuhlman* v. *Baker*, 50 Tex. 636; *Smith* v. *Fly*, 24 Tex. 352; *Wood* v. *Carpenter*, 101 U. S. 139; *Evans's Appeal*, 81 Pa. St. 300; *Stearns* v. *Page*, 7 How. 819, 829; *Moore* v. *Green*, 19 How. 69, 72; *Baubien* v. *Baubien*, 23 How. 19; *Badger* v. *Badger*, 2 Wall. 95; *Kennedy* v. *Green*, 3 Mylne & K.

722; *Buckner* v. *Calcote*, 28 Miss. 432-434; *Nudd* v. *Hamblin*, 8 Allen, 130; *Boyd* v. *Boyd*, 27 Ind. 429; *Stafford* v. *Ballou*, 17 Vt. 329; *McDaniels* v. *Flower Book Mfg. Co.*, 22 Vt. 274; *Ashhurst's Appeal*, 60 Pa. St. 317; *Farnum* v. *Brooks*, 9 Pick. 212-250.)

Fox, J.— This is a bill in equity, brought by two stockholders of the defendant the Andes Silver Mining Company, against the directors of said company, and certain others, for an accounting, and the recovery, for the benefit of the company, of moneys of the corporation alleged to have been fraudulently misappropriated by the other defendants. The judgment is on demurrer to the fourth amended complaint, from which the plaintiffs appeal.

The complaint is a model of obscurity. If it were again amended, and carefully pruned of much of its verbiage in the way of recital and repetition, and reduced to about one third its present volume, it would be much more intelligible, and probably would not then invite demurrer; at least, it would not be as likely to induce a sustaining of the demurrer.

A careful analysis of the complaint, however, shows that each of the two counts thereof contains allegations of fact sufficient to constitute a cause of action in favor of the company against the other defendants; that the plaintiffs are, and have been during all the times mentioned in the complaint, stockholders in the corporation; that the facts and circumstances are such as would make it useless to apply to the directors to have the action brought in the name of the corporation, and such as to authorize the plaintiffs to bring and maintain the action in their own names for the benefit of the corporation; that all persons who are not plaintiffs are made defendants who are necessary parties to the action, and that none are made defendants who are not proper parties; that if the facts stated are true, the action is not barred by the stat-

ute of limitations; and that the complaint, though multifarious and obscure, is not ambiguous and unintelligible in the particulars specified in that branch of the demurrer. The demurrer, therefore, should have been overruled, with leave to the defendants to answer.

A point is made by appellants that the plaintiff Holling has been made such since the filing of the original complaint. The record does not disclose such to be the fact; but if it is, the presumption is, that he was made so by leave of the court; and there is no legal objection to his being joined as plaintiff, as the complaint shows that he was from the beginning, and still is, a stockholder, and the action was brought on behalf of all stockholders who might see fit to join as plaintiffs therein.

Judgment reversed, with directions to the court below to overrule the demurrer and allow the defendants to answer.

PATERSON, J., McFARLAND, J., SHARPSTEIN, J., BEATTY, C. J., and THORNTON, J., concurred.