## LOFTUS *et al.* V. FARMERS' SHIPPING ASS'N *et al.*

1. While as a general rule, an action to protect corporate interests must be brought by the corporation itself, still, the right of stockholders to bring such action in their individual names is recognized, where the corporation, by its directors, refuses to bring the action, or where their conduct is such as to be equivalent to a refusal.

2. If the facts, as alleged, show that the defendants charged with the wrongdoing, or some of them, constitute a majority of the directors or

managing body at the time of commencing the suit, or that the directors or a majority thereof, are still under the control of the wrongdoing defendants, so that a refusal of the managing body, if requested to bring a suit in the name of the corporation, may be inferred with reasonable certainty, then an action by a stockholder may be maintained, without alleging or proving any notice, request, demand, or express refusal.

(Syllabus by the Court.    Opinion filed Jan. 27, 1896.)

Appeal from circuit court, Kingsbury county.    Hon. J. O. ANDREWS, Judge.

Action to cancel a lease.    From a judgment for plaintiffs, and from an order denying a new trial, defendants appeal. Affirmed.

The facts are stated in the opinion.

*Schenian & Savage,* for appellants.

A stockholder in a corporation can bring an action to remedy an injury to it only after he has requested the proper officers to do it and they have refused, or neglected it.    Talbot v. Scripps, 31 Mich. 268; Cook, Stock and Stockholders, 740; Cogwell v. Bull, 39 Cal. 320; Doud v. Railroad, 25 N. W. 533; Bacon v. Ervine, 11 Pac. 646; Dunphy v. Association, 16 N. E. 426; Hawas v. Water Co., 104 U. S. 450; Taylor v. Holmes, 127 *Id.* 1192; Allen v. Wilson, 28 Fed. 677.    A party is presumed innocent of fraud until shown to be guilty.    Gaines v. White, 47 N. W. 524; First Nat'l v. North, 51 *Id.* 96.    A director can loan the corporation money, can buy debts against it, can foreclose any securities against it and bring them in and such    actions    cannot    be    set    aside    except    for    actual    fraud. Gorder v. Plattsmouth, 54 N. W. 830; Twin-Lick v. Marbury, 91 U. S. 328; Hallam v. Indian, 9 N. W. 111; Garrett v. Burlington, 29 *Id.* 397; Omaha v. Wade, 97 U. S. 917; Salt Marsh v. Spaulding, 17 N. E. 319; Mullauphy v. Schott, 26 N. E. 640; Borland v. Haven, 37 Fed. 394; McMurhy v. Montgomery, 5 S. W. 570; Harts v. Brown, 77 Ill. 226.

*Whiting & Cooley,* for respondents.

The record must affirmatively show error.    Mercer v. Corbin, 10 Am. St. 76.    The error of law relied upon must be spec-

ified. Bush v. Railroad, 22 N. W. 508; Bill v. Klaus, 4 Dak. 328; State v. Lehman, 2 S. D. 171; Frank Falk v. Mielenz, 5 Dak. 136. The particulars wherein it is claimed that the evidence is insufficient must be specified. Spots v. Hawley, 24 Pac. 738; Atchison v. Worley, 25 S. W. 478; Van Cise v. Merchants, 4 Dak. 486; Caulfield v. Boyle, 2 Dak. 464; French v. Lanchester, *Id.* 256; Henry v. Deane, 6 Dak. 78. Where a trustee buys or contracts with himself the contract is voidable absolutely at the instance of the *cestui que* trust without regard to its fairness. Hoffman v. Cumberland, 77 Am. Dec. 311, 16 Md. 456; Peckett v. School, 3 Am. Rep. 105; 1 Morowetz Priv. Corp. 517; Haywood v. Lincoln, 26 N. W. 184; Davis Mill Co. v. Bennett, 39 Mo. 460.

KELLAM, J. This is an action by certain of the stockholders of the defendant (appellant) corporation against the corporation itself and Robinson and Robson, who are also stockholders and directors, to cancel a certain lease of corporation property to the said defendants Robinson and Robson, to set aside a sale of personal property of the corporation to said defendants, and also to set aside a sale of the warehouse and coalhouse of said corporation, under foreclosure of a chattel mortgage held thereon by said Robinson, who became the purchaser at such foreclosure sale. In the complaint it was alleged that all of these acts were done and performed by the directors of the corporation in fraud of the rights of the stockholders, and greatly to the prejudice of their property interests in the assets of the corporation. Upon answer of the defendants, the case was tried by the court with the assistance of a jury, to whom special interrogatories were submitted. The court made findings upon which it rendered judgment in favor of the plaintiffs. From such judgment and an order overruling a motion for a new trial this appeal is taken.

At the opening of the trial the defendants objected to the introduction of evidence under the complaint, on the ground

that it did not state a cause of action.   The alleged defect principally relied upon was the failure of the complaint to show facts which would authorize the stockholders to bring this action in their own names, no demand upon or refusal by the directors being alleged.   The complaint shows that, when the corporate action complained of was taken, the board consisted of five directors, and that the same directors constituted the board when this action was commenced; that two of the members of said board were these defendants Robinson and Robson and that a majority of the board approve and sanction the acts complained of.   While the rule is a general one, founded upon the fact that the corporation is an entirety itself, distinct and separate from its shareholders, that an action to protect corporate interests must be brought by the corporation itself, still the right of stockholders to bring such an action in their individual names is always recognized, where the corporation, by its directors, refuses to bring the action, or where their conduct is such as to be equivalent to such refusal.   If, from facts exhibited in the complaint, it was obvious that a demand upon the directors to bring this action would have been entirely unavailing, no such demand was necessary, for the law never "requires idle acts."   Comp. Laws, Sec. 4719.   In his work on Private Corporations (volume 2, Sec. 612) Mr. Spelling says: "When, therefore, the complaint shows that a previous demand would, from any cause, have been useless or unavailing, it is not demurrable on the ground that it does not allege a previous demand on the corporation to bring the suit."   To the same effect is Sec. 1095, Pom. Eq. Jur.   "If the facts, as alleged, show that the defendants charged with the wrongdoing, or some of them, constitute a majority of the directors or managing body at the time of commencing the suit, or that the directors, or a majority thereof, are still under the control of the wrongdoing defendants, so that a refusal of the managing body if requested to bring a suit in the name of the corporation, may be inferred with reasonable certainty, then an action by a

stockholder may be maintained, without alleging or proving any notice, request, demand, or express refusal." See, also, Brewer v. Boston Theater, 104 Mass. 378; Eschweiler v. Stowell, 78 Wis. 316, 47 N. W. 361; Moyle v. Lander's Adm's, 83 Cal. 579, 23 Pac. 798; Miller v. Murray (Colo. Sup.) 30 Pac. 46; City of Chicago v. Cameron, 120 Ill. 447, 11 N. E. 899; Young v. Drake, 8 Hun. 61; Heath v. Railroad Co., 8 Blatchf. 347; Fed. Cas. No. 6,306; Kelsey v. Sargent, 40 Hun. 150; Mussini v. Goldthwaite, 34 Tex. 125.

The proposition itself is so evidently correct and just in principle, and its application so manifestly necessary in such case to prevent an absolute failure of justice, that we forbear to extend the list of supporting authorities. We have examined the cases cited by appellants as adverse to the view above stated, but find nothing in them which leads us to doubt its correctness. In Talbot v. Scripps, 31 Mich. 268, it does not appear that any attempt was made to show facts which would render it even improbable that the board of directors would have willingly brought the action if requested. The case was decided under the general rule that, for redress of wrongs to the corporation, the corporation, and not individual stockholders, should bring the action. In Cogswell v. Bull, 39 Cal. 320, the general rule was applied, but the court distinctly declined to express an opinion as to whether a demand and refusal were necessary "when the trustees who committed the wrong yet compose the whole or a majority of the board." In Doud v. Ralway Co. (Wis.) 25 N. W. 533, the court held the complaint defective, but it only alleged that the president of the corporation had committed and was about to commit certain wrongs against the corporation. There was nothing to indicate that the board of directors would not, if applied to, correct or prevent such wrongful acts, or bring an action in court for their redress. In its opinion the court very clearly conceded that the rule of demand and refusal was not inflexible. It said: "The complaint must show that the managing body have re-

fused, on request, to bring an action for the benefit of the corporation, or set forth such a state of facts as renders it reasonably certain that a suit by the corporation would be impossible, and a demand therefor would be nugatory." In Bacon v. Irvine (Cal.) 11 Pac. 646, it was simply held that, when the plaintiff stockholders knew they had no cause of action, and the demand upon the directors to bring action was not a good-faith demand, but a simulated one, the action by individual stockholders could not be entertained. In Dunphy v. Association (Mass.) 16 N. E. 426, as in Doud v. Railroad Co., *supra,* the wrong complained of by the individual stockholders was done by a single officer, the treasurer of the corporation. It did not appear that his action was either authorized or approved by the directors. It was held that the directors must be first applied to to bring the action, but the court also said that the stockholder might sue in his own name "when it appeared that such application would be unavailing to protect his rights." In Miller v. Murray, *supra,* it is said that the federal decisions since Hawes v. Oakland, 104 U. S. 450, are founded upon a rule of the United States supreme court requiring certain allegations to be stated in such actions that would be deemed unnecessary outside of the federal courts, and that, consequently, such later decisions of the United States courts upon this question are of little value in the state courts. In this case, the directors constituting the board when this action was commenced were the same directors who did the acts complained of, and it is alleged that they still approve of and sanction the same. It is further expressly alleged that defendants Robinson and Robson, the two directors to whom the alleged fraudulent lease and transfers were made, own a majority of the stock of the corporation. It is very clear that any call upon these directors, a majority of whom actually participated in the alleged wrong-doing, and all of whom approve and sanction it, would have been simply perfunctory and idle; and it is equally clear that the plaintiff stockholders could have obtained

no redress by an appeal to the stockholders themselves, for Robinson and Robson owned a majority of the stock, and could thereby control the action of the corporation by themselves determining who should be directors. The complaint was not defective in the respect named, and the trial court was right in overruling the objection.

The controversy on its merits involvel the validity of three distinct transactions: The lease of the warehouse; the sale of the wheat contained in it; and the purchase of the chattel mortgage upon the buildings of the corporation, its foreclosure, and the purchase of the buildings at the sale. The board of directors consisted of five members, four only of whom were present at the meeting which authorized the making of the lease. Of these four Robinson and Robson, the defendant lessees, were two, so that but two directors who can be safely said to have represented the interest of the corporation only participated in such action. Presumably, Robinson and Robson were seeking the lease in their own interest, rather than in the interest of the corporation. At all events, they were not acting exclusively and disinterestedly for the corporation, whose agents they were; but their action necessarily involved a conflict between their official duty as directors and their personal interest as lessees. While the courts have not always been in strict accord as to the legal effect of a contract so made, it seems to be pretty well established that such a contract is at least voidable at the instance of those, like stockholders, whose interests are affected. Thomp. Corp. Sec. 4061; Mor. Priv. Corp. Sec. 517; Gardner v. Butler, 30 N. J. Eq. 702; Butts v. Wood, 37 N. Y. 317; Paine v. Railroad Co,, 31 Ind. 283; Hoyle v. Railroad Co., 54 N. Y. 314; Jones v. Morrison, 31 Minn. 148, 16 N. W. 854; Railroad Co. v. Poor, 59 Me. 277. Although a contract so attempted to be made may not be necessarily unjust to the stockholders generally, or show upon its face that it is one that could not have been made in their interest, still, it lacks the essential element of assent by both parties; for a majority of those whose duty it

was to represent and act only as the agents of the corporation, and in its interest, really acted for themselves in apparent, and probably real, hostility to that of the corporation.   If Robinson and Robson acted in their own personal interest, rather than in the interest of the corporation, then there was no assent of the corporation, for it was represented by only two of its directors. Some of the cases last cited present facts very similar to those now under consideration, and it was uniformly held that a contract so made would not be upheld, if seasonably objected to by stockholders.   At the same meeting and by the same vote the sale of 1,700 bushels of wheat belonging to the corporation was made to the said defendants Robinson and Robson.   What has been said in regard to the lease is equally applicable to this sale.   There was also evidence tending to show, and the jury found, and the finding was adopted by the court, that the market value of the wheat so sold was, at the time, 42 cents per bushel, and that it was sold to defendants at 41 cents per bushel.   In our judgment, neither the lease nor the sale of the wheat can be sustained against the objection of these stock- holders.   On the 31st day of August, 1893, one J. E. Floran held a note for $500 against the defendant corporation, secured by chattel mortgage on its buildings.   This note would become due September 1 and 4, 1893.   On the 31st day of August, de- fendant Robinson, then being a director and secretary of the corporation, purchased this note and mortgage, and on the 6th of September, two days after its maturity, took possession of the mortgaged buildings under his mortgage, and immediately advertised them for sale in foreclosure thereof.   They were sold on the 16th, defendant Robinson, still being such director and officer, becoming a purchaser, paying therefor $523.12. There was evidence tending to show, and the court found, that the value of the property, at that time, was $1,500.   These main facts, with other minor ones looking the same way, sat- isfy us that this mortgage was purchased and foreclosed by Robinson in pursuance of a deliberate purpose to get gain to

himself at the expense of other stockholders, whose interest, equally with his own, it was his duty to protect. As a director he cannot be permitted to speculate in the assets or the indebtedness of his corporation, for his own personal profit, at the expense of the coporation. We do not mean to say that a director may not loan money to his corporation, and fairly realize on security taken therefor; but this is not such a case. There is no evidence that Floran was insisting or would insist upon immediate payment of his note, or that Robinson bought the same at the instance of the directors, or that he did it in the interest of or to favor the corporation; but, on the contrary, the evidence impresses us, as it did the trial court, that the transaction throughout was a selfish one on the part of Robinson, and was planned and executed by him, with the purpose of acquiring to himself and to his own advantage, the property of the corporation of which he was a trustee. To sustain it would antagonize the whole doctrine of trusteeship, and destroy the most efficient safeguard of the *cestui que* trust against the active selfishness of the trustee. The authorities are clearly against it. Thomp. Corp. Sec. 4071 *et seq.*; Hoyle v. Railroad Co., 54 N. Y. 314; Torrey v. Bank, 9 Paige 649; Gillett v. Gillett, 9 Wis. 194; Iron Co. v. Sherman, 30 Barb. 553; Perry, Trusts, § 207; Railroad Co. v. Poor, 59 Me. 257. We do not notice several minor assignments of appellant relating to the admission and rejection of evidence, for, in this view, we have considered only such facts as are clearly established by competent evidence, and which from their nature, could not be disputed. The trial court treated these several transactions as voidable at the instance of the injured stockholders, and entered a judgment which seems to us to fairly protect the rights of all. The judgment is affirmed. All the judges concur.