## PETERSON *et al.* v. CHRISTIANSON *et al.*

1. In an action by members of a church corporation composed of two nationalities to restrain other members from preventing plaintiff's from occupying the church edifice one-half of the time for separate religious services, as provided by by-laws, the corporation itself is not a necessary party.

2. Where the constitution and by-laws of a church corporation composed of members of two nationalities provide for alternate use of the church property for separate services by members of either nationality, members of one nationality are entitled to such use of the church property without application to the corporate board of trustees by any organized portion of the corporate stockholders or members.

3. Where the findings are sustained by evidence, though conflicting, the evidence will not be reviewed.

(Opinion filed October 19, 1904.)

Appeal from circuit court, Lawrence county; Hon. JOSEPH B. MOORE, Judge.

Action by John Peterson and others against Ole Christianson and others to restrain defendants from interfering with plaintiffs' use of church property.    From a judgment and order denying a new trial on findings for plaintiffs, defendants appeal. Affirmed.

*Frawley & Laffey,* for appellants.

*Thos. L. Redlon,* for respondents.

CORSON, P. J.  This is an appeal from judgment and order denying a new trial.  The case was tried by the court without a jury.  The complaint in the action was demurred to on the grounds:  (1) That it appears upon the face of said complaint that there is a defect of parties plaintiff; (2) that it appears upon the face of said complaint that there is a defect of parties defendant; (3) that said complaint does not state facts sufficient to constitute a cause of action.  The demurrer was overruled, to which ruling the defendants excepted.  Subsequently the defendants answered the complaint by leave of the court, and trial was had, and findings of fact and conclusions of law made and filed by the court, and a judgment in favor of the plaintiffs entered therein.

It is contended by the defendants that the court erred in overruling their demurrer to the complaint, and this question will be first considered.  The plaintiffs, in their amended complaint, state their cause of action substantially as follows: That the Scandinavian Lutheran Church is a corporation duly organized and existing under the laws of the state of South Dakota; that the members of said church are composed of two nationalities, viz., Norwegians and Swedes; that the plaintiffs are Swedes and the defendants are Norwegians; that on or about the 1st day of September, 1896, the said church purchased a lot in Lead City, together with the church building standing thereon, for $1,500, and that the purchase money for the said property was mostly paid by the plaintiffs; that article No. 1 of the by-laws of said corporation provides that, "if the two nationalities, Swedes and Norwegians, of which this corporation is composed, should wish to call a minister separately, then the church shall be used every Sunday and service day in

turn;" that on or about the 12th day of June, 1898, these plaintiffs became desirous of calling a minister separately, and demanded the right to use said church in turn with the defendants, as provided in said by-laws, but that the defendants, who belonged to the Norwegian element of said church, took entire possession of said church building, and excluded the plaintiffs therefrom, and refused and still refuse to allow the plaintiffs to have the use of said church building in any way whatever, and excluded and still exclude the plaintiffs from any participation in the use of said church; that the plaintiffs are members of said church, and are entitled to the use of said church in turn with the defendants; that the plaintiffs do not in any way seek to exclude the defendants from an equal use of said church building, and plaintiffs aver that when they are admited to equal privileges in the use of said church property then they are ready and willing to bear an equal proportion of the expenses of keeping said property in repair; that the purpose for which the plaintiffs desire the use of said church property is that of holding religious services therein; that they have employed a minister of their own choosing, and by reason of the wrongful acts of the defendants in excluding them from the use of said church property plaintiffs have been obliged to hire other buildings and to use private houses in which to hold their religious services. Wherefore plaintiffs demand judgment that they are entitled to the use of said church building and property for religious purposes equally with the defendants; that the defendants and all other persons be restrained from excluding the plaintiffs from the use of said property their just proportion of the time, and that said restraining order may be made perpetual.

It is contended by the appellants that the complaint does not state facts sufficient to constitute a cause of action, in that it affirmatively appears therefrom that the plaintiffs and defendants are members of a corporation, to-wit, the Scandinavian Lutheran Church, and that said corporation is not made a party plaintiff or defendant, and in that it affirmatively appears from the complaint that this action is an attempt upon the part of certain members of a corporation to control the affairs and corporate property by an action on the part of plaintiffs, as members, against the defendants, who are also members, there being no reason shown why their grievance, if any they have, cannot be remedied by the corporation itself through its regularly constituted officers. It is insisted by the respondents that the title to the church property is not in dispute in any way; no interest of the corporation is at stake; that the only claim on the part of the plaintiffs is that the persons named as defendants wrongfully prevented the plaintiffs from occupying the church one-half of the time as provided in the by-laws of the corporation, and consequently the corporation itself was not a necessary party, either plaintiff or defendant. We are inclined to adopt the theory of the plaintiffs. It will be observed from the allegations of the complaint that the church corporation embraces two nationalities, Swedes and Norwegians; that both nationalities contributed funds for the purchase of the church property, the plaintiffs claiming that they contributed the larger share. It will be further observed from the allegations of the complaint that the by-laws contemplate that both nationalities might at some time require the use of the church for holding separate religious services. It clearly appears that the Swedes

wished to call a minister separately; that they were prevented from occupying the church or using it for their religious services by the defendants. The corporation, as such, through its board of trustees, so far as is disclosed by the complaint, took no part in the controversy between the two factions, and hence, in our opinion, the corporation was not a necessary party, either plaintiff or defendant. It is true that ordinarily, in an action in any manner affecting a corporation, the corporation must be made a party plaintiff or defendant, or it must affirmatively appear that the parties seeking to institute an action in the name of the corporation must have first applied in good faith to the board of directors of the corporation to bring the action to redress the injury complained of, and that such directors had refused upon proper demand to institute such action; or it must affirmatively appear from the complaint that the board of directors, or a majority of them, are acting in collusion with the parties alleged to have committed or are committing the injurious acts complained of. Loftus *et al.* v. Farmers' Shipping Ass'n *et al.*, 8 S. D. 201, 65 N. W. 1076; Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827; Am. & Eng. Ency. Law, vol. 4, pp. 280-283; Morawetz on Private Corporations, book 1, p. 243. But these principles have, in our opinion, no application to this case, as the wrongful acts of the defendants are not alleged to have in any manner injured or affected the corporation, or deprived it of any of its property, and the acts of which the plaintiffs complained are not alleged to have been the acts of the corporation, but simply of the individual defendants, not resulting in injury to the corporation, but to the plaintiffs. Taking this view of the case, we are clearly of the opinion that the corporation, as such,

was not a necessary party, either as plaintiff or defendant, and that the ruling of the court in overruling the demurrer was correct.

The defendants, in their answer, allege, among other things: "That they are the duly elected, qualified, and acting trustees of the Scandinavian Lutheran Church, and were such elected and acting trustees thereof at the time of the alleged wrongful acts mentioned in plaintiff's complaint; that as such trustees these defendants, under the constitution and by-laws of such corporation, are entitled to have control over and charge of all the property of such corporation, including the church building, wherein religious services have been and are still being held on regular service days; that no application by any organized portion of the stockholders or members of such corporation for alternate use of said church building has ever been made to these defendants as such trustees, as contemplated in the constitution and by-laws of such corporation." The court finds that the said church was a corporation; that the membership of said church was composed of two nationalities, Norwegians and Swedes; that the church proper was purchased by the two nationalities, and that a large amount of the purchase money was paid by plaintiffs. The court further find article No. 1 of the by-laws to be as hereinbefore stated; that on or about the 12th day of June, 1898, the plaintiffs became desirous and wished to call a minister separately from the defendants, as provided by said by-laws, and demanded the right to use said chuch in turn with the defendants, and that the defendants thereupon took entire possession of said church building, and excluded the plaintiffs therefrom, and fastened the doors of said church, and refused and still refuse to allow the

plaintiffs to have the use of said church building in any way
whatever; that defendants took possession of the records,
books of proceedings, and all matters belonging to said church,
and excluded and still exclude the plaintiffs from any use of
said church building; and the court conclude: "(1) That the
plaintiffs are entitled to the use of said church building every
Sunday and service day in turn with the defendants, and that
plaintiffs are entitled to the use of said church building one-
half of the time; (2) that the defendants and all other persons
be perpetually restrained from excluding the plaintiffs from
the use of said church the just proportion of the time as stated
in the preceding paragraph." Upon these findings and con-
clusions a judgment was duly entered in accordance therewith.
Exceptions were taken to the findings of the court and its con-
clusions of law, and a motion for a new trial made and denied.

It is contended by the defendants that the corporation
owning the church property had a board of trustees, which
had charge and care of its proper use under the constitution
and by-laws governing and controling it. In the constitution
the duty of the board of directors is not clearly defined. It is
required to attend to the business affairs of the congregation,
and to protect its interests; but the right of the two nation-
alities to call a minister separately, and each to use the church
every Sunday and service day in turn, is clearly given by the
by-laws. It is provided in the by-laws that the Norwegian Synod
and the Swede Augustana Synod are recognized as teaching in
accordance with article 2 of the constitution, and that the con-
gregation shall be served exclusively by ministers from the
above-named synods. It clearly appears from the evidence
that the minister selected by the plaintiffs belonged to the

Swede Augustana Synod, and was authorized by that synod to officiate as such minister. The plaintiffs therefore were entitled to select a minister and to the use of the church as provided in artice 1 of the by-laws. The evidence as to what occurred between the plaintiffs and the defendants in regard to the use of the church by the plaintiffs is conflicting, but a reasonable conclusion to be drawn therefrom is that the plaintiffs were denied the right to use the church for religious services during the time prescribed in the by-laws. Without taking the time to review the evidence, it must suffice to say that the findings of the court were, in our opinion, clearly sustained by a preponderance of the evidence. This being so, its conclusions of law necessarily followed, and the judgment is clearly sustained by the findings and evidence. The plaintiffs, therefore, whether the defendants were acting as trustees or as individuals, were entitled to the judgment entered by the court in their favor, as under the by-laws the plaintiffs were entitled to the use of the church one-half of the time for religious services, as therein specified.

Finding no error in the record, the judgment of the court below and the order denying a new trial are affirmed.