## MOYLE et al. v. LANDERS et al.*

### No. 11,906; July 1, 1889.

#### 21 Pac. 1133.

Corporations—Misappropriation—Suit by Stockholders.—A suit to procure relief for the misappropriation of the funds of a corporation is properly brought by the stockholders, without any demand on the directors to bring such suit, where the complaint alleges that the corporation is under the control of the defaulting directors, and that such demand would be useless.[1]

*For subsequent opinion in bank, see 83 Cal. 579, 23 Pac. 794.

[1] Cited in the note in 97 Am. St. Rep. 34, on actions by stockholders on behalf of corporations.

8

**Corporations—Stockholders' Suit—Limitation of Actions.**—Such a suit is not barred by the statute of limitations where the defaults are said to have occurred between August 1, 1882, and May 1, 1885, and the suit is brought July 1, 1885; Code of Civil Procedure of California, section 338, providing that suits for relief on the ground of fraud shall be brought within three years of the discovery of the fraud.

**Pleading.**—Where a General Demurrer is Filed to a complaint containing two counts, on the ground that the causes of action are barred by the statute of limitations, the demurrer must be overruled, if a good cause of action is stated in either county.

**Stockholders' Suit—Alleging Ownership of Stock.**—An averment that the plaintiffs were owners of the stock of the corporation before suit brought, and ever since 1881, sufficiently alleges ownership of the stock.

**Stockholders' Suit—Who may Bring.**—Such suit may be brought by anyone or any number of stockholders.

**Stockholders' Suit — Directors as Parties Defendant.**—The directors who are charged with having connived in such defaults are proper parties defendant in such action.

APPEAL from Superior Court, City and County of San Francisco; T. H. Rearden, Judge.

Messrs. Moyle and Holling, stockholders in the Andes Silver Mining Company, sued Michael Landers and others, directors of said company, to obtain relief from certain frauds perpetrated by the directors. A demurrer to the complaint was sustained, and plaintiffs appeal.

L. E. Bulkeley for appellants; H. C. Sieberst for respondents.

PER CURIAM.—The complaint contains two counts. The defendants demurred to the whole complaint, and "to the second alleged cause of action set out in the plaintiffs' complaint," which we shall consider as a demurrer to the second count of the complaint.

The demurrer was sustained, and plaintiffs declining to amend, final judgment was given and entered in favor of defendants. From this judgment plaintiffs have appealed.

The object of the action is to procure relief from certain alleged fraudulent misappropriations of the funds and property of the corporation defendant the Andes Silver Mining Company by some of its directors. The defendants contend

that the complaint is defective in this: That the action should have been brought by the corporation as plaintiff, and not by the present plaintiffs, who are stockholders of the corporation. The general rule undoubtedly is that an action of this character must be brought in the name of the corporation. The recovery, if any, belongs to the corporation, and must go into its coffers. But there are exceptions to this rule. One is where a demand is made on the corporation to bring such action, and it refuses to bring it. This demand must be considered and passed on by the managing authority of the corporation, which is its board of directors. But where such a demand would be useless, as where the peccant directors still control the affairs of the corporation, such a demand would be regarded as useless, and will not be insisted on. We think the averments of the complaint show that the corporation is still under the control of the alleged defaulting directors, or their tools and servants, and that it sufficiently appears that a demand to sue would have been nugatory. In such a case the law dispenses with a demand, and allows a stockholder to bring the action to which the corporation, as is here the case, must be a party.

It is contended, further, that the causes of action set forth in the complaint are barred by the statute of limitations, and that such appears on the face of the complaint to be the case. The action is brought for relief on the ground of fraud, in which case the cause of action is not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud. Such is the law of this state fixed by statutory enactment. The action, under such circumstances, is not barred if the discovery of the facts constituting the fraud has been made within three years before the commencement of the action: Code Civ. Proc., sec. 338. Now, it seems to us that the defaults set forth in the second count of the complaint, hereinafter pointed out, were not discovered within three years before action brought.

The defaults referred to are as follows: An overallowance of $3,850 to Michael Landers on account of expenses of trips to Virginia City, Nevada; the transaction with regard to the purchase of furniture of Burnham, for which it is averred $800 was allowed, of which sum only $346.45 was used in the purchase, and the balance was retained by Michael Landers, while the furniture bought was taken by said Landers to his

private residence, and there used by him from the time of the purchase; the misappropriation of funds to pay the assessments on the stock of the directors of the Andes Silver Mining Company; the misappropriation of a portion of the proceeds of the sales of certain shares of the stock of the corporation above named. The above defaults are alleged to have occurred, the first in August and September, 1882, the second on the 1st of August, 1882, the others in December, 1882, August, 1883, and since the 1st of May, 1885. The action is averred to have been commenced on the first day of July, 1885, The above defaults are averred to have been committed and discovered within three years before this date, as will be seen by comparison of the dates above given.

As the demurrer which embraces the first count is a demurrer to the whole complaint, if a good cause of action not barred by the statute of limitations is stated in either count, the demurrer, on the ground above stated, must be overruled; this being in accordance with the long-settled rule that where the demurrer is to the whole complaint it is not well taken, if any count of the complaint is legally sufficient. The averment as to the ownership of the stock is sufficient. The averments are that the plaintiffs, Moyle and Holling, were owners of the stock of the Andes Company above named before the beginning of the action, and have been such owners ever since sometime in the year 1881. We can see no tenable objection to the joinder of Holling with Moyle as plaintiff. Any one or any number of stockholders may unite in bringing such action. In our opinion the directors made defendants are properly made such. They are at any rate proper parties, and, indeed, it is highly proper that they should be made such, as the defaults set forth in the second count of the complaint are alleged to have occurred with their connivance. As to the other defaults set forth in the complaint, and whether or not they are barred by the statute of limitations, we think it proper to say nothing. We have said enough to warrant us in holding that the court below erred in sustaining the demurrer to the complaint, for which reason the judgment is reversed, and the cause remanded, with directions to overrule the demurrer to the complaint, and the second count thereof, to permit the defendants to answer, and for further proceedings in accordance with law. So ordered.