ESCHWEILER, Respondent, vs. STOWELL and others, Appellants.

*November 28 — December 16, 1890.*

*Corporations: Fraudulent acts of directors: Suit by stockholder: Pleading: Demand.*

In an action by a stockholder against a corporation and the officers and directors thereof for an accounting and the appointment of a receiver, etc., a complaint alleging that such officers and directors, being the owners of a majority of the stock, have fraudulently diverted the property and profits of the corporation to their own personal use and benefit by voting themselves salaries and by other fraudulent acts, is sufficient without alleging a demand upon such officers and directors for the correction of the abuse, since it is apparent that such a demand would be nugatory.

APPEAL from the Superior Court of *Milwaukee* County. Action for an accounting, the appointment of a receiver, etc. The substance of the complaint is stated in the opinion. The defendants appeal from an order striking out as frivolous their several demurrers to the complaint.

For the appellants there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *J. G. Flanders.* They cited *Doud v. W., P. & S. R. Co.* 65 Wis. 108; *Memphis v. Dean,* 8 Wall. 64; *Dimpfell v. O. & M. R. Co.* 110 U. S. 209; *Hawes v. Oakland,* 104 id. 450; *Detroit v. Dean,* 106 id. 537; *Brewer v. Boston Theatre,* 104 Mass. 378; *Palmer v. Hawes,* 73 Wis. 46; *Greaves v. Gouge,* 69 N. Y. 154; *Talbot v. Scripps,* 31 Mich. 268; *La Grange v. State Treasurer,* 24 id. 468; *Huntington v. Palmer,* 104 U. S. 482; *Boyd v. Sims,* 87 Tenn. 771; *Rathbone v. Parkersburg Gas Co.* 31 W. Va. 798; *Foote v. Cunard M. Co.* 17 Fed. Rep. 46; *Shawhan v. Zinn,* 4 Am. & Eng. Corp. Cas. 243; *Allen v. Curtis,* 26 Conn. 456; *Newby v. O. C. R. Co.* 1 Sawyer, 64; *Wilkie v. R. & S. L. R. Co.* 12 Hun, 242; *Allen v. Wilson,* 28 Fed. Rep. 677.

*Franz C. Eschweiler*, respondent, in person, cited, besides the authorities cited in the opinion, Cook, Stock, sec. 741, and cases cited: 1 Morawetz, Priv. Corp. secs. 238, 252; *Moyle v. Landers*, 78 Cal. 99; *Davis v. Gemmel*, 70 Md. 356; *Brinckerhoff v. Bostwick*, 88 N. Y. 59; *Kelsey v. Sargent*, 40 Hun, 150; *Rogers v. Lafayette A. Works*, 52 Ind. 296; *Wilstach v. Hawkins*, 14 id. 541; *Law v. Henry*, 39 id. 414; Broom's Leg. Max. 252.

COLE, C. J. Does the complaint in this case state a cause of action? We are of the opinion that it does.

The action is brought in behalf of the plaintiff and other stockholders of the defendant corporation, the *Badger Silver Mining Company*, organized under the laws of this state, and engaged in the business of mining and extracting silver from mineral deposits in lands owned by it in Canada. It is alleged that the corporation has a capital stock of 50,000 shares of a par value of five dollars per share; that the plaintiff owns and holds 2,180 shares of such stock, and the defendants *Stowell, Robinson, Charles A.* and *Walter Read*, and *Sammond* own and hold a majority in number of the shares of the capital stock, namely 32,000. The complaint states, on information and belief, that the defendant *Stowell* is now, and has been since May, 1887, the president of the corporation, and is a director thereof; that the defendant *Robinson* since December, 1887, has held and still holds the office of vice-president and director, and also since April, 1888, has held the office of general manager therein; that the defendant *Charles A. Read* since May, 1887, has held and still holds the office of treasurer and director of the corporation; and the defendant *Walter Read* since said last date has held and still holds the office of secretary and director therein; and the defendant *Sammond* since said date has held and still holds the office of director; that said persons form and constitute the board of directors, and the whole thereof, of the defendant corporation.

The complaint then proceeds to state and charge certain acts of fraud on the part of the defendants, and of the unlawful appropriation of the money and property of the corporation to their own use, by way of voting themselves salaries payable out of the funds of the corporation, and other fraudulent acts, and it is alleged that the purpose and design of the directors and managing officers is to so control the business of the corporation as to divert the property, profits, and proceeds of the corporation to their own profit and personal use and benefit, to the great loss and damage of the plaintiff as a stockholder, and of the minority stockholders; that, in consequence of these fraudulent acts and misconduct on the part of the directors and managing officers, the plaintiff has been deprived of his proper share of the profits of the corporation, and the market value of the stock held by him has been much depreciated. The complaint asks that the defendants account for the money of the corporation which they have illegally and fraudulently appropriated to their own use, and that judgment be entered against them jointly and severally for said sums, and that a receiver be appointed to take control of the affairs and the business of the corporation, and that the plaintiff have such other and further relief as may be just and equitable.

Now, it is said the complaint is fatally defective because it does not allege any request to the board of directors or to any officer of the corporation to redress and correct the fraudulent acts complained of, and a refusal on their part to comply with such request, before suit was brought. It is said that it must appear that such a request was made to the officers, and that it was denied, before a stockholder can bring a suit for the misappropriation of the funds and the property of a corporation; that this is essential to give the stockholder a standing in court. That is undoubtedly the general rule upon the subject, but the rule has exceptions as well established as the rule itself. Where the di-

rectors and the managing board itself are charged with the fraudulent acts and collusion, as they are here, it would appear to be a very idle and fruitless thing to ask them to repair their own wrong. They constitute the entire board of directors, and the governing body, holding a majority of the shares of stock, and, as the plaintiff well says, it would be mere mockery to hold that a demand for redress should be made upon the defendants to restore money to the corporation which they had fraudulently appropriated. Suppose one or all of the directors refuse to repair the wrong they have committed; would a court of justice entertain the strange spectacle of their bringing suit against themselves, being at the same time the plaintiffs and defendants in the action, calling themselves to account for their misconduct, and forcing themselves to restore their unlawful gains? The rule on this point is well stated in *Brewer v. Boston Theater*, 104 Mass. 387: " A formal application and refusal need not be alleged if enough appears to show that such an application would be unavailing. When the directors themselves are the parties charged with the wrong, or by whose fraud or wilful collusion the wrong has been accomplished, and the suit is to be brought against them, they are, by the very nature of the case, incapacitated for the service of representing the corporation in any action for the restoration of its rights, whether by suit or proceedings *in pais*. If the corporate action is under the control of such parties, it is a sufficient reason of necessity to warrant proceedings by suit in the name and behalf of the individual stockholders."

Ordinarily, of course, redress for a wrong to corporate rights or property must be sought in the name of the corporation, and a stockholder cannot sue for damage to himself individually, unless the corporate authorities refuse to act when applied to. This rule was recognized and acted upon in *Doud v. W., P. & S. R. Co.* 65 Wis. 108, and

*Palmer v. Hawes,* 73 Wis. 46. But where the complaint
sets forth such a " state .of facts as renders it reasonably
certain that a suit by the corporation would be impossible
and a demand on the managing body to act would be nuga-
tory and vain, there an action by a stockholder may be
maintained without alleging or proving any request, de-
mand, or express refusal." Pom. Eq. Jur. § 1095; *Roth-
well v. Robinson,* 39 Minn. 1; 1 Mor. Priv. Corp. § 242. It
would be idle in this case to appeal to the stockholders to
redress the wrongs done, by changing the board of directors
or managing body. The wrong-doers themselves hold the
majority of the shares, and can prevent any such change,
so it would be impossible for the plaintiff to expect or ob-
tain redress by the action of the stockholders. Therefore,
under these circumstances, we think a court of equity will
grant a stockholder relief against such gross violations of
duty on the part of the officers of a corporation as are
stated in the complaint. If the officers are disposed, in
good faith, to discharge their duty to the corporation and
its stockholders, they can repair their wrongs by restoring
the property which they have unlawfully taken, without
waiting to be compelled to do so by a judgment of the
court. But to hold that a stockholder has no standing in
court unless he has requested a managing body, who were
the wrong-doers, to grant him relief from their fraudulent
acts, is extending the general rule beyond all reasonable
bounds.

For these reasons, we think the complaint states a cause
of action, and that the demurrer to it was properly stricken
off as frivolous.

*By the Court.*— The order of the superior court of Mil-
waukee county is affirmed.