CHARLES H. KAVANAUGH, Suing on Behalf of Himself and Other Stockholders of the Commonwealth Trust Company of New York, Appellant, *v.* COMMONWEALTH TRUST COMPANY OF NEW YORK, Defendant, and HERBERT L. SATTERLEE, Respondent, Impleaded with Others.

CORPORATIONS — REQUISITES OF COMPLAINT IN ACTION AGAINST DIRECTORS FOR CORPORATE MISMANAGEMENT.  The complaint in an action against the directors of a corporation for their alleged negligent and wrongful acts in wasting assets, where the corporation itself has failed on demand to bring the action, should allege but two things: 1, the cause of action in favor of the corporation, which should be stated in exactly the same manner and with the same detail of facts as would be proper in case the corporation had brought the action; 2, the facts which entitle the plaintiff to maintain the action in place of the corporation, that he is a shareholder therein and that the corporation itself has either refused or unreasonably failed to bring the action; ordinarily no other allegations are necessary or material; allegations, therefore, as to the amount paid by plaintiff for his stock and that the market value had greatly depreciated are neither relevant nor material, since proof thereof would not tend to measure the extent of the loss or damage to the corporation and should be stricken out.

*Kavanaugh* v. *Commonwealth Trust Co.*, 99 App. Div. 620, affirmed.

(Argued February 20, 1905; decided March 7, 1905.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 13, 1904, which affirmed an order of Special Term striking out certain allegations of the complaint.

The facts, so far as material, and the question certified are stated in the opinion.

*Edgar T. Brackett* for appellant.  A motion to strike out matter from a pleading as irrelevant or redundant is one that is not encouraged by the courts.  (*Town of Essex* v. *N. Y.*

*& C. R. R. Co.*, 8 Hun, 361.) If it is apparent that the opposite party is not aggrieved by the statement as to which the motion is made, the matter will not be stricken out. (*Younger* v. *Duffie*, 26 Hun, 442; *Lugar* v. *Byrnes*, 15 Civ. Pro. Rep. 72; *Williams* v. *Folsom*, 57 Hun, 128; *T. Nat. Bank* v. *U. S. T. Co.*, 49 App. Div. 362; *Lynch* v. *R. R. Co.*, 7 App. Div. 164; *Rockwell* v. *Day*, 84 App. Div. 437; *Duprat* v. *Havemeyer*, 18 Wkly. Dig. 439; *Follett* v. *Jewett*, 11 N. Y. Leg. Obs. 193; *Littlejohn* v. *Greeley*, 22 How. Pr. 345; *Baer* v. *Seymour*, 12 N. Y. S. R. 166.) The allegation stricken out by the order appealed from is neither redundant nor irrelevant, nor is any part of the matter sought to be expunged by the record thus redundant or irrelevant. (*Bowman* v. *Sheldon*, 5 Sandf. 657; *Root* v. *Foster*, 9 How. Pr. 37; *Town of Dunkirk* v. *Ry. Co.*, 75 Hun, 366; *Fisher* v. *Andrews*, 37 Hun, 176; *Hanna* v. *Bank*, 76 App. Div. 224; 179 N. Y. 107; *Sage* v. *Culver*, 71 Hun, 42; *Pondir* v. *Erie*, 72 Hun, 384.)

*J. Langdon Ward* for respondent. Taking the complaint as a whole, and considering the specific relief demanded, it is certain that it states what the pleader considered to be a cause of action in favor of the defendant corporation against its directors, the individual defendants, to compel them to account for their official conduct in the management and disposition of the funds and property committed to their charge, and to recover from them any money and the value of any property lost to the corporation, or wasted by a violation of their duties. Proof of the price paid for corporate stock, of its subsequent depreciation, and that gains and profits expected from it were not realized, would neither establish nor tend to establish such a cause of action. (*Scharf* v. *W. S. P. Co.*, 5 App. Div. 439; *Niles* v. *N. Y. C. & H. R. R. R. Co.*, 69 App. Div. 144; 176 N. Y. 119; *Lowenstein* v. *D. S. W. Mfg. Co.*, 94 App. Div. 383.)

CULLEN, Ch. J. The complaint alleges that the plaintiff was a stockholder in the Commonwealth Trust Company (for-

merly the Trust Company of the Republic) owning a hundred shares of the capital stock thereof; that he purchased said stock on April 2nd, 1892, for the sum of $16,600, which the stock at that time was worth; that the respondent and the other individual defendants were the directors of said company; that said defendants so negligently failed to discharge their duties as directors that large losses were sustained by the company through the illegal and wrongful acts of its executive officers, and its assets wasted; that thereby the value of the plaintiff's stock was reduced to thirty dollars a share, by reason of which he suffered damage to the amount of $13,600. Judgment is demanded that the loss sustained by the trust company by reason of the wrongful acts and negligence of the defendants be ascertained and the said defendants be directed to pay said sum to the defendant, the trust company. The Special Term struck out the statement of the amount paid by the plaintiff for his stock and the further statement that the value of said stock had been reduced whereby the plaintiff lost the sum above mentioned.

Motions under section 545 of the Code of Civil Procedure to strike from a pleading irrelevant matter are in one direction addressed in no small degree to the discretion of the court of original jurisdiction; that is to say, the Supreme Court, if it should be of opinion that the matter complained of could in no way prejudice the adverse party, might well refuse to strike it out, although the court deemed the allegations irrelevant and unnecessary. That discretion, however, has been exercised in the courts below, and the sole question before us is whether the allegations, which by the orders appealed from have been stricken from the complaint, were in any view relevant or material to the cause of action declared on. We think they were not relevant. The loss of the corporate funds, resulting from the misconduct of the individual defendants, primarily gave a cause of action to the corporation, not to its stockholders, and no stockholder could maintain an action for the loss he had individually suffered in the depreciation of the value of the share stock held by him. (*Niles v. N. Y.*

*Central & H. R. R. R. Co.*, 176 N. Y. 119.) As said by Judge VANN in *Flynn* v. *Brooklyn City R. R. Co.* (158 N. Y. 493), " The right of action, however, belongs to the corporation, and should be brought by it as plaintiff, but when it will not bring the suit itself, an aggrieved stockholder, after due demand and refusal or unreasonable neglect to proceed, may bring it in his own name upon making the corporation a party defendant." The action must be brought not only on behalf of the plaintiff, but also on behalf of all the other stockholders of the company, and that is the form of the action before us. It is quite plain that the complaint in such an action should set forth but two things: *First*, the cause of action in favor of the corporation, which should be stated in exactly the same manner and with the same detail of facts as would be proper in case the corporation itself had brought the action ; *second*, the facts which entitle the plaintiff to maintain the action in place of the corporation, that he is a stockholder therein, and that the corporation itself has either refused or unreasonably failed to bring the action. Ordinarily no other allegations are necessary or material. If the corporation were suing its negligent directors it would be necessary for it to allege and prove what moneys or assets had been lost or wasted, and the recovery would be for the amount of such loss. Proof of the market value of the share stock, whether it appreciated or depreciated, would be inadmissible. If the directors or officers of the corporation, by their illegal or wrongful acts, had occasioned a loss to the corporation, it would be neither defense nor mitigation that despite such wrongful acts the market value of the share stock of the corporation had been greatly enhanced. Nor, on the other hand, would depreciation in market value tend to establish the amount of the loss or damage that the corporation had suffered by the wrong of the directors. As pointed out by Judge FINCH in *People ex rel. Union Trust Company* v. *Coleman* (126 N. Y. 433) there is a clear difference between the share stock in the hands of the holders and the capital of the corporation itself, and many elements enter into the value of the first that are not present

in the second. In an action brought by a corporation against its directors or officers for misconduct, the necessary proof is exactly of the same character as in an action brought by an individual against his agents, servants or employees for like misconduct, and the character of the proof is not at all affected by the fact that the action is brought by the shareholder instead of by the corporation itself.

The order appealed from should be affirmed, with costs, and the question, " were the clauses in the complaint stricken out by the order properly stricken out as redundant or irrelevant," should be answered in the affirmative.

Gray, O'Brien and Vann, JJ., concur; Bartlett, Haight and Werner, JJ., dissent.

Order affirmed.