---

(122 App. Div. 505.)

## CUMMINGS v. YATES & PORTERFIELD TRADING CO.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

CORPORATIONS—STOCKHOLDERS—COMPELLING ACTION BY CORPORATION—SUFFI-
CIENCY OF COMPLAINT.

A complaint in an action by a stockholder, on behalf of the corporation for breach of contract by a promoter, alleged that the promoter entered into an agreement with a partnership which was to be incorporated, whereby a certain number of shares of stock in the proposed corporation were to be turned over by the partners to the corporation and a certain number to the promoter, in consideration of which the promoter was to sell 500 shares of stock of the corporation. It was also alleged that the stock was transferred per agreement, and that the promoter sold 100 shares of the stock but no more, by reason of which the corporation became insolvent. *Held*, that the complaint did not fail to state a cause of action in not alleging that the contract was made for the benefit of the proposed corporation, or that the corporation after its formation ratified or assumed it, since those facts could be inferred from the complaint as framed.

McLaughlin and Ingraham, JJ., dissenting.

Appeal from Special Term.

Action by William H. Cummings, suing, etc., against the Yates & Porterfield Trading Company and another. From an interlocutory judgment overruling a demurrer to the complaint, defendant company appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, IN-GRAHAM, HOUGHTON, and SCOTT, JJ.

Horace Comfort, for appellant.
Robert B. Austin, for respondent.

PATTERSON, P. J. The defendant, impleaded with one James N. Brown, demurred to the complaint in this action, on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and from the interlocutory judgment entered upon the decision of the Court at Special Term this appeal is taken.

It is alleged in the complaint that the plaintiff, who is a stockholder of the defendant corporation, sues on behalf of himself and others

similarly situated, and that such defendant is a foreign corporation organized under the laws of the state of New Jersey; that the plaintiff was the owner and holder in his own right of 10 shares of the preferred stock of that corporation, which was organized in February, 1900, for the purpose of acquiring the business and good will of a copartnership carried on under the firm name and style of Yates & Porterfield. It is further alleged that the corporation took over and acquired the going business of the copartnership, and issued to the members thereof its entire authorized capital stock consisting of 2,000 shares of preferred, and 2,000 shares of common, stock. It is also alleged that the defendant James N. Brown was the promoter of the defendant corporation, and as such promoter entered into an agreement with the persons constituting the copartnership of Yates & Porterfield, whereby he (Brown) agreed with the members of that firm that, in consideration of the said copartnership transferring and assigning to the defendant corporation 1,130 shares of the preferred stock, and of transferring and assigning to the defendant James N. Brown 1,020 shares of the common stock and 50 shares of the preferred stock of the corporation, and of the payment of $1,000 in cash to the defendant Brown, he would sell and dispose of at par at least 500 shares of the 1,130 shares of the preferred stock of the defendant corporation which was to be transferred to the defendant corporation as aforesaid. The complaint then proceeds to allege that Yates & Porterfield, on the organization of the corporation, assigned and transferred to the defendant corporation 1,130 shares of the preferred stock, and in compliance with the terms and conditions of its agreement with Brown it transferred to him 1,020 shares of the common stock and 50 shares of the preferred stock, and paid to him the sum of $1,000 in cash; that Brown sold, pursuant to the agreement, 100 shares of the 1,130 shares, and has not sold the remaining 400 shares to be sold pursuant to said agreement. The names of the directors of the corporation are then set forth in the complaint, and it is alleged that the plaintiff has made a demand upon each of the aforesaid directors that they cause the defendant corporation to bring an action against Brown to recover damages for his failure to carry out his contract to sell the preferred stock, and that a majority of the directors have refused to comply with such demand; that the corporation is now in the course of liquidation, and in an insolvent condition, and that such insolvent condition has been brought about by the failure of the defendant Brown to carry out the aforesaid contract. Judgment is demanded that the corporation recover the damages which it and the stockholders have sustained by reason of the matters set forth in the complaint, and that Brown be adjudged and decreed to pay to the defendant corporation such damages when they may be ascertained.

The gist of the objection of the demurring defendant to the complaint is that the Yates & Porterfield Company has no cause of action against the defendant Brown, because the complaint does not contain an allegation that the contract was made for the benefit of the proposed corporation, or that the corporation after its formation ratified or assumed it. The requisites of a complaint in an action

against directors for corporate mismanagement are stated in the case of Kavanaugh v. Commonwealth Trust Co., 181 N. Y. 121, 73 N. E. 562, and they are (1) the cause of action in favor of the corporation, which should be stated in exactly the same manner and with the same detail of facts as would be proper in case the corporation had brought the action; (2) the facts which entitle the plaintiff to maintain the action in place of the corporation. The second requirement is abundantly satisfied by the allegations of the complaint in this action, and the particular question now presented for consideration is whether a cause of action in favor of the corporation has been stated in the manner and with such detail of facts as would be proper in case the corporation itself brought the action. I think the allegations above recited, and the legitimate inferences which flow therefrom, show that the corporation might maintain an action against the defendant Brown. He was, according to the complaint, the promoter of the corporation. He caused it to be organized, and the duty and obligation assumed by him, as to the 500 shares, inured directly to the benefit of the corporation to be formed. For a consideration moving to himself, and which he received, he agreed to sell for the benefit of the corporation 500 shares of its preferred stock, viz., shares transferred to and held by it. It is evident that that agreement was not for the benefit of the copartnership of Yates & Porterfield, whose business was to be and was transferred to the corporation. It was the stock belonging to the corporation that was to be sold. The purpose of the sale was to furnish money to the corporation, and Brown's agreement was partially performed when 100 shares were sold. The inference clearly is that that sale was for the corporation. There was an adoption by the corporation of the contract made by the promoter, and a partial performance of the obligation which the promoter assumed. I think there can be no doubt that the corporation in such circumstances—the contract having been made for its benefit and evidently to supply it with money—could have maintained its action against Brown for failure to fulfill his agreement, which was made as a part of the scheme attending the organization of the corporation. Such being the case, and it being sufficiently shown that the corporation refused to enforce a contract which was prima facie enforcible, and from which benefits would accrue to the stockholders of that corporation, I am of the opinion that the action was well brought. I have not overlooked the possible suggestion that the demurring defendant is not in a position to assail this complaint, and that the objection would be available only to the defendant Brown, but as that suggestion has not been made by the respondent, it is not regarded as requiring especial consideration, the complaint being good as against both defendants.

The interlocutory judgment overruling the demurrer should be affirmed with costs, with leave to the defendant to withdraw the demurrer on payment of costs, and to answer over within 20 days after service of a copy of the order to be entered on this decision.

HOUGHTON and SCOTT, JJ., concur.

McLAUGHLIN, J. (dissenting). This action was brought against the Yates & Porterfield Trading Company, a foreign corporation, and one Brown, to recover damages from the latter for the breach of a contract entered into between him and a copartnership by the name of Yates & Porterfield. The corporation demurred to the complaint upon the ground that it did not state facts, so far as it was concerned, sufficient to constitute a cause of action. The demurrer was overruled, and the corporation has appealed.

The complaint alleges the formation of the corporation under the laws of the state of New Jersey; that the plaintiff is a stockholder and brings the action on behalf of himself and all others similarly situated; that the corporation was organized for the purpose of acquiring the business and good will of a copartnership carried on under the firm name and style of Yates & Porterfield in the city and state of New York and elsewhere, and, upon its incorporation, it took over and acquired the going business of that firm, for which it issued its entire capital stock, consisting of 2,000 shares of preferred, and 2,000 shares of common, stock, of the par value of $100 per share; that the defendant Brown was instrumental in organizing the corporation, and entered into an agreement with the members of the copartnership of Yates & Porterfield, by which he promised and agreed with them that, in consideration of their transferring and assigning to the corporation 1,130 shares of the preferred stock, and transferring and assigning to him 1,020 shares of the common stock, and 50 shares of the preferred stock, and of the payment of $1,000 in cash, he would sell and dispose of at par at least 500 of the 1,130 shares of the preferred stock to be transferred to the corporation; that the members of such copartnership performed their part of the agreement, and that Brown failed to perform in that he only sold 100 of the 500 shares of stock which he agreed to sell; that, by reason of his failure to carry out his contract, the corporation has been rendered insolvent; that the plaintiff has requested the directors to bring an action in the name of the corporation against Brown, which they have failed and neglected to do; and the judgment demanded is that the corporation recover the damages which it and the stockholders have sustained by reason of Brown's failure to perform.

Conceding, as it must be for the purpose of determining the validity of the complaint, the truth of the facts stated, as well as such facts as may reasonably and fairly be inferred from them, I do not think a cause of action is stated against the corporation. It is not alleged, nor is there anything in the complaint from which it can be inferred, that the contract between Brown and the members of the copartnership of Yates & Porterfield was made for the benefit of the corporation which was thereafter to be formed, or that the contract was assigned to the corporation after it was formed, or that it then, or at any other time, ratified or adopted the contract. It is to be presumed that the corporation received full value for the stock which it issued. The fact that the firm of Yates & Porterfield, under an arrangement with Brown, saw fit to give to the corporation some of their stock, which Brown in violation of his agreement did not sell, in no way gave the corporation a cause of action against him. The stock was,

doubtless, given to the corporation by the members of the copartnership of Yates & Porterfield, because they believed it would enhance the value of the balance of the stock which they held, and they may have a cause of action for damages against Brown, but that question is not before us. Brown has never agreed with the corporation to do anything for it, nor has it ever agreed that he could sell at least 500 shares of the stock held by it at par. A valid contract presupposes the meeting of minds of the contracting parties. A fair test of whether this complaint states a cause of action against the corporation is this: Suppose Brown had sued the corporation to compel it to deliver to him for sale at par the 400 shares of its stock which he had not sold; could it be seriously contended such an action, upon the facts here set out, could be maintained? Or suppose the stock could have been sold for more than par; would the corporation have been justified in turning it over to Brown at par? I think each question must be answered in the negative.

I think this demurrer should also have been sustained upon another ground. There is no allegation in the complaint to the effect that the corporation itself had a right to or could have maintained the action in this state, and if it could not then the directors properly refused to bring the action. The General Corporation Law (Laws 1892, pp. 1805, 1806, c. 687) provides that no foreign stock corporation, other than a moneyed corporation, shall do business in the state of New York, without having first procured from the Secretary of State a certificate that it has complied with all the requirements of law to authorize it to do business in the state (sections 15, 16); and section 181 of the Tax Law, Laws 1896, p. 856, c. 908, provides that no action shall be maintained or recovery had in any of the courts in this state, by such foreign corporation, without first obtaining a receipt for the license fee required to be paid. This corporation, according to the allegations of the complaint, was formed for the purpose of taking over and conducting the business which the firm of Yates & Porterfield carried on in this state, at least in part. Before the corporation could do business in this state, it had to obtain the certificate authorizing it to transact such business, and, for its failure in this respect, it was prohibited from maintaining an action in the courts of the state. The complaint, therefore, should contain an allegation to the effect that the corporation itself could have maintained the action against the defendant Brown. If it could not, the directors, obviously, were justified in refusing to bring the action.

The complaint in an action of this character should state the facts showing a cause of action in favor of the corporation in exactly the same manner, and with the same detail, as would be proper in case the corporation itself had brought the action. Kavanaugh v. Commonwealth Trust Co., 181 N. Y. 121, 73 N. E. 562. This court has held that, unless it appears in the complaint in an action brought by a foreign corporation that it has obtained the certificate referred to in section 15 of the General Corporation Law, facts are not stated sufficient to constitute a cause of action. Halsey v. Henry Jewett Dramatic Co., 114 App. Div. 420, 99 N. Y. Supp. 1122; Welsbach Co. v. Norwich Gas & El. Co., 96 App. Div. 52, 89 N. Y. Supp. 284,

affirmed 180 N. Y. 533, 72 N. E. 1152; Emmerich Co. v. Sloane, 46 Misc. Rep. 513, 95 N. Y. Supp. 39, affirmed 108 App. Div. 330, 95 N. Y. Supp. 39, on opinion of court at Special Term. Had the corporation itself, therefore, brought the action upon the facts stated in this complaint, a cause of action would not have been stated.

The views thus expressed are not in conflict with what is said in South Bay Co. v. Howey, 113 App. Div. 382, 98 N. Y. Supp. 909, and Portland Co. v. The Hall & Grant Construction Co. (argued at the October term and not yet officially reported) 106 N. Y. Supp. 649. What was held in the former case was that inasmuch as it did not appear in the complaint of a foreign corporation, suing in this state, that it was a stock corporation, it was error to dismiss the complaint because it did not contain an allegation that the corporation was authorized to do business in this state, the presumption being that the corporation had a right to sue in this state, and none but foreign stock corporations came within the prohibition of the statute. In the latter case it was held that the Trial Court erred in admitting proof of the fact that plaintiff was a foreign stock corporation, in the absence of an allegation in the pleadings to that effect, and, after receiving such proof, dismissing the complaint on that ground.

I am unable, for the foregoing reasons, to concur in the opinion of Mr. Justice PATTERSON. I think the judgment appealed from should be reversed, and the demurrer sustained, with leave to plaintiff to serve an amended complaint, on payment of the costs in this court and in the court below.

INGRAHAM, J., concurs.

---

GEOGHEGAN v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

STREET RAILROADS—COLLISIONS WITH VEHICLES — NEGLIGENCE — EVIDENCE — QUESTIONS FOR JURY.

In an action for personal injuries sustained in a collision between a street car and plaintiff's wagon, whether defendant was negligent, and whether plaintiff in driving south on the north-bound track exercised due care, *held*, under the evidence, for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 251, 253, 255–257.]

Appeal from Term, New York County.