(64 Misc. Rep. 497.)

### LEFI v. NACHOD et al.

(Supreme Court, Trial Term, Fulton County. September, 1900.)

CORPORATIONS (§ 204*)—RIGHTS OF STOCKHOLDERS—REDEMPTION FROM MORT-
GAGE DEBTS.

    A stockholder cannot maintain an action to redeem the property of a corporation from mortgages, thereby causing an abandonment of its business and appropriation of its property to the payment of its debts; those being questions for the corporation to decide.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 783–790: Dec. Dig. § 204.*]

Action by William Lefi against Frederick Nachod and others to redeem property of a corporation from mortgages. Dismissed.

Eugene G. Kremer, for plaintiff.

Briesen & Knauth, for defendants.

VAN KIRK, J. This action is brought by William Lefi, as a stockholder of William Lefi & Co., a domestic corporation, making the

corporation one of the defendants. The action is brought to redeem the property of the corporation from mortgages covering both the real and personal property.

In the complaint it is alleged that, prior to the beginning of the action, the plaintiff duly requested the said corporation and the board of directors of said corporation to consent to the bringing of this action, or to bring this action to redeem the property of the corporation, and that the said directors and officers as such, and the said corporation, have declined and refused to either authorize the bringing of the action or to bring the action, and therefore the plaintiff brings the action as a stockholder in the right of the corporation; and he demands that the liens now claimed by the defendants upon the property of the corporation be ascertained, and that an account be taken of the amount claimed by the defendants Knauth, Nachod, and Kuhne from the defendant corporation for principal and interest; that the property be sold at public sale, and the proceeds applied to the satisfaction of the amounts which shall be found due from the corporation to the defendants Knauth, Nachod, and Kuhne, and that the balance, if any, be paid to the corporation; that the corporation be at liberty, upon the ascertainment of the amounts due by the corporation to the defendants Knauth, Nachod, and Kuhne, to redeem the liens by payment thereof; that a decree be entered directing and compelling the defendants Knauth, Nachod, and Kuhne to assign their several liens to any person designated by the plaintiff; and that the plaintiff have such further and different relief as he may be entitled to in equity and good conscience.

On January 26, 1909, at a meeting of the directors of said corporation, the plaintiff demanded that the corporation bring an action for an accounting and to redeem the property of the corporation from the liens upon it. This demand the corporation refused to comply with, and the plaintiff thereupon brought the action. He brings the action as a stockholder; but the action which he must prosecute is the action which the corporation has, to redeem its property. Such an action, we think, cannot be maintained. In Flynn v. Brooklyn Street Railroad Co., 158 N. Y. 507, 53 N. E. 524, Judge Vann says:

"As a general rule, courts have nothing to do with the internal management of business corporations. Whatever may lawfully be done by the directors or stockholders, acting through majorities prescribed by law, must of necessity be submitted to by the minority, for corporations can be conducted upon no other basis. All questions within the scope of the corporate powers which relate to the policy of administration, to the expediency of proposed measures, or to the consideration of contracts, provided it is not so grossly inadequate as to be evidence of fraud, are beyond the province of the courts."

And in Schwab v. Potter Co., 194 N. Y. 414, 87 N. E. 672, Judge Vann said:

"The main question presented by this appeal is whether the proposed transaction is beyond the powers of the defendant corporation; for it is well established that, in the absence of fraud or bad faith, courts have nothing to do with the internal management of business corporations, provided they keep within their corporate powers."

And the holding in 158 N. Y. 507, 53 N. E. 524, supra, is quoted.

We think that the question whether or not a corporation shall redeem its property from mortgages is entirely a question for the corporation to decide, and not for the courts to decide. In this case, as appears from the evidence, including the contract dated January 2, 1908, which is attached to the complaint as Exhibit A, to redeem the property would practically require that the company should abandon its business and appropriate its property to the payment of its debts. Whether or not the corporation shall take such a step is certainly a question for the corporation itself to decide. A stockholder cannot be permitted, whenever he thinks a corporation is acting unwisely with reference to its business affairs, to bring the corporation into court and compel it to pay its debts. This is not an action brought by the plaintiff to secure any redress as an individual, but to secure such redress as may be had by him in common with all the stockholders of the company. It is redress for the benefit of the corporation (Kavanaugh v. Commonwealth Trust Co., 181 N. Y. 121–124, 73 N. E. 562), and there are no allegations in the complaint justifying relief to him personally.

The complaint, therefore, must be dismissed, with costs.

Complaint dismissed, with costs.