between the partners themselves, but as to all others who have had dealings with the firm to whom notice of the new arrangement has been given," yet, as pointed out by Mr. Justice Whitney, a principal debtor and a guarantor may be joined as defendants in the same action, unless the guaranty is of collection, which clearly the guaranty of a retiring partner is not. I am now convinced that in Morrisey v. Berman we pushed the consequences of the changed relations of the partners too far, and for that reason I concur in the reversal of the present determination.

---

### WEINGREEN v. MICHELBACKER et al.

(Supreme Court, Appellate Division, First Department.    July 7, 1910.)

CORPORATIONS (§ 320*)—STOCKHOLDERS' ACTION.

In an action by a stockholder to enjoin wrongful acts of defendants and to compel them to account as officers, the complaint must allege the cause of action in favor of the corporation, which should be stated in exactly the same manner and with the same detail of facts as would be proper in case the corporation had brought the action, and the facts which entitle plaintiff to maintain the action in place of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1433, 1434; Dec. Dig. § 320.*]

Appeal from Special Term, New York County.

Action by Emanuel Weingreen against Solomon Michelbacker and others. From an order denying a motion to strike out as irrelevant certain portions of the complaint, defendants appeal. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Arthur W. Weil, for appellants.

G. E. Waldo, for respondent.

MILLER, J. This action is a representative action by a stockholder to enjoin certain wrongful acts of the defendants and to compel them to account as officers of the corporation. The Court of Appeals have decided what a complaint in such an action should allege; i. e.: (1) The cause of action in favor of the corporation, which should be stated in exactly the same manner and with the same detail of facts as would be proper in case the corporation had brought the action; (2) the facts which entitle the plaintiff to maintain the action in place of the corporation. Kavanaugh v. Commonwealth Trust Company, 181 N. Y. 121, 73 N. E. 562. The complaint contains 42 paragraphs, very few of which have any relevancy whatever to a cause of action in favor of the corporation. We shall not point out what is patent.

The order should be reversed, with $10 costs and disbursements, and the motion granted, striking out all of the averments specified in the order to show cause and in the amended notice, except paragraphs 19, 37, 39, and 50. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes