---

NEVINS v. BROOKLYN CITIZEN et al.

(Supreme Court, Special Term, Kings County. January 26, 1916.)

1. CORPORATIONS ⊜⟶320—STOCKHOLDER'S DERIVATIVE ACTION—RECOVERY FOR CORPORATION.

An action by a stockholder to recover for and on behalf of the corporation the moneys or property alleged to have been improperly taken or wasted by two of its directors was a purely derivative action, in which any recovery inured to the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. ⊜⟶320.]

2. ACTION ⊜⟶45—JOINDER—STOCKHOLDER'S DERIVATIVE ACTION.

In such action, the plaintiff could not include a plea which would end the corporate existence by dissolution and the appointment of a receiver, as that would be a different cause of action, which could not be joined.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 378–383, 385–448; Dec. Dig. ⊜⟶45.]

3. CORPORATIONS ⊜⟶320—STOCKHOLDER'S DERIVATIVE ACTION—PLEADING.

The complaint in a stockholder's action to enforce the corporation's rights against alleged delinquent directors should allege the cause of action in favor of the corporation with the same detail as if the corporation had itself brought the action; the facts entitling the stockholder to maintain the action in place of the corporation, that he is a stockholder therein, and that the corporation has either refused or unreasonably failed to bring the action; but varied and disconnected charges against the corporation itself are entirely irrelevant.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. ⊜⟶320.]

Action by Thomas F. Nevins against the Brooklyn Citizen and James Shevlin and another, as directors. On motion by the individual defendants to strike parts of the complaint. Motion granted.

See, also, 166 App. Div. 219, 151 N. Y. Supp. 139.

Watson & Helfgott, of Brooklyn, for plaintiff.

Peter P. Smith, of Brooklyn (John F. Clarke, of Brooklyn, of counsel), for defendants.

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MANNING, J. The plaintiff, a stockholder in the Brooklyn Citizen, sues the corporation and James Shevlin and Andrew McLean, as directors, in behalf of himself and all other stockholders similarly situated. He alleges that Shevlin and McLean were directors of the corporation in the years 1903 and 1904, and that during those years the corporation authorized the payment of interest on certain notes held by them which were more than six years old. He further alleges that the defendant James Shevlin is the owner and holder of two mortgages, aggregating $110,000, upon which interest at the rate of 5 per cent. per annum is paid, and that the rate is higher than the regular market rate of interest, inasmuch as a loan of that sum can be obtained at 4½ per cent. He asks for an accounting from them for the waste of corporate assets, which he claims they improperly took during the years mentioned.

No other persons are named as directors who were in office during the specified years, nor were any directors named who served prior to the year 1903 or since that time. It is not alleged that the individual defendants had a controlling interest in the board of directors, nor that they were vested with the authority of management.

The complaint is very voluminous, consisting of some 46 paragraphs, most of which contain recitations of an evidentiary nature, and serve only to incumber the record and confuse the real issue. It embraces, with the charges made against the defendants Shevlin and McLean, an attack on the Brooklyn Citizen as a corporation, complaining of mismanagement, depletion in circulation, and loss of assets.

The individual defendants, Shevlin and McLean, move to strike out of the complaint the several paragraphs which do not directly affect or concern them.

[1, 2] The gist of the action is that the plaintiff, as a stockholder, seeks to recover, for and on behalf of the corporation, moneys or property alleged to have been improperly taken or wasted by two of its directors. His action is purely a derivative one, and any benefit or recovery inures to the corporation. Kavanaugh v. Commonwealth Trust Co., 181 N. Y. 121, 73 N. E. 562. A perusal of the complaint discloses that in this same cause of action the plaintiff attempts to include a plea which would end the corporate existence, and he asks for a dissolution by the appointment of a receiver. I am convinced that he cannot unite the two causes of action.

[3] The law provides an orderly and simple method whereby a corporation may be dissolved (section 101 of the General Corporation Law [Consol. Laws, c. 23], and following), just as our system of pleading provides a simple form of action by a stockholder suing for an enforcement of the corporation's rights against alleged delinquent directors.

"What such a complaint should contain has been distinctly set forth by the Court of Appeals. It should allege: First. The cause of action in favor of the corporation, which should be stated in exactly the same manner and with the same detail of facts as would be proper in case the corporation itself had brought the action. Second. The facts which entitle the plaintiff to maintain the action in place of the corporation, that he is a stockholder therein, and that the corporation itself has either refused or unreasonably failed to bring

the action. Ordinarily, no other allegations are necessary or material. Kavanaugh v. Commonwealth Trust Co., 181 N. Y. 121 [73 N. E. 562]." Kolb v. Mortimer, 135 App. Div. at page 544, 120 N. Y. Supp. at page 544.

In the stockholder's class of action allegations of fact concerning dereliction of the persons accused are both pertinent and proper, but varied and disconnected charges against the corporation itself are entirely irrelevant.

The defendants' motion is granted, and paragraphs 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 39, 41, 42, 43, 44, and 45; save as to the modification of paragraphs 28 and 31 in the defendants' notice of motion, should be stricken from the complaint.

Settle order on notice.