(June 21, 1918.)

## HENRIETTA SMITH, Appellant, v. JOHN RADER et al., Respondents.

[173 Pac. 970.]

CORPORATIONS — LIABILITY OF DIRECTORS — ACTIONS OF STOCKHOLDERS—PLEADING—NECESSARY PARTIES.

1. A stockholder may, in his own name, sue in equity to enforce the liability of directors of a corporation for fraud, malfeasance, or gross negligence, when the corporation refuses, or the present directors in control are themselves answerable, or have an identity of interest with the parties charged.

2. In an action, such as this, by a stockholder to enforce the liability of directors the corporation is a necessary party.

3. It is the duty of the court to bring into an action all parties appearing necessary to its full determination, even though no litigant objects to the defect of parties.

[As to when stockholders may maintain actions against officers and agents to call them to an accounting or to set aside their acts, see note in 41 Am. Dec. 367.]

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Action to enforce liability of corporate directors. Demurrer to complaint sustained and judgment of dismissal entered. *Reversed.*

J. Nat Hudson and Chas. Clifton, for Appellant.

"Under the provisions of sec. 4168, Rev. Codes, no particular form of complaint is required, but a statement of the facts constituting the cause of action in ordinary and concise language is sufficient, and the plaintiff can be sent out of court only when upon the facts pleaded he is entitled to no relief either at law or in equity." (*Poncia v. Eagle,* 28 Ida. 60, 152 Pac. 208; *Bates v. Capital State Bank,* 21 Ida. 141, 148, 121 Pac. 561; *Rauh v. Oliver,* 10 Ida. 3, 9, 77 Pac. 20.)

Courts should be liberal in allowing amendments to pleadings where it appears that they are in good faith, and their allowance would serve the ends of justice. (*Dunbar v. Griffiths,* 14 Ida. 120, 125, 93 Pac. 654; *Kroetch v. Empire Mill Co.,* 9 Ida. 277, 74 Pac. 868; *Kindall v. Lincoln Hardware etc. Co.,* 10 Ida. 13, 76 Pac. 992; *Murphy v. Russell & Co.,* 8 Ida. 133, 67 Pac. 421.)

Clay Koelsch, for Respondents, cites no authorities on points decided.

MORGAN, J.—This is an action by appellant, a minority stockholder of Idaho State Building, Loan & Savings Association, Ltd., a corporation, against respondents, who are directors thereof. Respondents' motion to strike portions of the complaint was granted in part, and their demurrer, on the ground that not sufficient facts were stated to constitute a

cause of action, was sustained. Thereafter judgment of dismissal was entered from which this appeal is taken.

The motion to strike, so far as it was granted, was well taken. The remaining allegations of the complaint charge that the respondents, being at the time three of five directors, did, on May 1, 1913, in violation of secs. 7114, 7117 and 7120, Rev. Codes, each purchase from the corporation 100 shares of its capital stock of the par value of $10 per share, and gave in payment therefor their individual promissory notes for $1,000 each, and entered the transaction on the books of the corporation, and that they thereafter, on September 1, 1914, caused said corporation to return the notes and take back the 300 shares of stock, thereby reducing its available working capital, assets, and outstanding capital stock; that respondents committed such acts in fraud of the plaintiff and other stockholders, and with the intention of controlling the next annual stockholders' meeting after May 1, 1913, and that they did thereby control it; that at the time respondents agreed in writing to purchase said stock, they did not intend, in good faith, to comply with the terms of the purchase; did not intend to pay the notes nor to have them enforced, and that they acted with a mutual understanding to that effect. There is also alleged a transaction whereby shares of stock, subscribed and paid for in cash, were returned to another stockholder for a certain instalment certificate of the corporation, which was exchanged for an interest-bearing real estate mortgage, by which transaction the capital stock was reduced in the sum of $1,600.

Directors are individually liable to the corporation for fraud, malfeasance, or gross negligence, whereby its property is wasted and the stockholders are deprived of dividends, or their shares depreciated or rendered valueless. An action to enforce such liability must be brought by the corporation, unless it appears that it refuses, or that the present directors, who are in control, are themselves answerable, when the suit may be maintained in equity by one or more stockholders in their own names. (*Just v. Idaho Canal etc. Co.*, 16 Ida. 639, 133 Am. St. 140, 102 Pac. 381; 7 R. C. L. 490, 491, secs. 472, 473; *Wallace v. Lincoln Savings Bank*, 89 Tenn. 630, 24 Am.

St. 625, 15 S. W. 448; *Robinson v. Smith,* 3 Paige (N. Y.), 222, 24 Am. Dec. 212; *Hodges v. New England Screw Co.,* 1 R. I. 312, 53 Am. Dec. 624; *Pencille v. State Farmers' etc. Ins. Co.,* 74 Minn. 67, 73 Am. St. 326, 76 N. W. 1026; *McConnell v. Combination Min. & Mil. Co.,* 30 Mont. 239, 104 Am. St. 703, 76 Pac. 194; *Eschweiler v. Stowell,* 78 Wis. 316, 23 Am. St. 411, 47 N. W. 361; *Rothwell v. Robinson,* 39 Minn. 1, 12 Am. St. 608, 38 N. W. 772; *Kavanaugh v. Commonwealth Trust Co.,* 181 N. Y. 121, 73 N. E. 562.)

The complaint shows that at least two of the respondents are now directors, and the third general manager and head bookkeeper, of the corporation; that the other directors were elected at a stockholders' meeting controlled by respondents by virtue of their wrongful acts, and were in office at the time some of the wrongs complained of were done. This is sufficient to obviate the necessity of alleging any previous demand upon the directors to sue the guilty parties. (7 R. C. L. 491, sec. 473; *Just v. Idaho Canal etc. Co., supra; Eschweiler v. Stowell, supra; Rogers v. Lafayette Agricultural Works,* 52 Ind. 296; *Cates v. Sparkman,* 73 Tex. 619, 15 Am. St. 806, 11 S. W. 846; *Fleming v. Black Warrior Copper Co.,* 15 Ariz. 1, 136 Pac. 273, 51 L. R. A., N. S., 99; *Moyle v. Landers,* 3 Cal. Unrep. 113, 21 Pac. 1133; *Polhemus v. Polhemus,* 114 App. Div. 781, 100 N. Y. Supp. 263; *Pencille v. State Farmers' etc. Ins. Co., supra; Robinson v. Smith, supra; Hodges v. New England Screw Co., supra; McConnell v. Combination Min. & Mill. Co., supra.*)

The complaint presents a defect of parties in that the corporation is not made a defendant. (7 R. C. L. 490, sec. 472; *Wallace v. Lincoln Savings Bank, supra.*) To this respondents have raised no objection. A demurrer for want of facts does not present that question. (Secs. 4174, 4178, Rev. Codes; *Valley Lumber etc. Co. v. Driessel,* 13 Ida. 662, 93 Pac. 765, 13 Ann. Cas. 63, 15 L. R. A., N. S., 299; *Bonham Nat. Bank v. Grimes Pass P. M. Co.,* 18 Ida. 629, 111 Pac. 1078; *Trask v. Boise King Placers Co.,* 26 Ida. 290, 142 Pac. 1073; *Grain v. Aldrich,* 38 Cal. 514, 99 Am. Dec. 423.) Appellant will be deemed to be acting for and on behalf of the corporation for the purposes of this suit (*McConnell v. Com-*

*bination Min. & Mill. Co., supra; Beach v. Cooper,* 72 Cal. 99, 13 Pac. 161), and, no objection having been made by respondents to the nonjoinder of parties, this defect will be deemed to be waived by them.

It appearing the corporation is a necessary party, it was the duty of the court to bring it into the action to the end that its rights might be fully determined. (Sec. 4113, Rev. Codes; *First Nat. Bank v. Bews,* 3 Ida. 486, 31 Pac. 816; *Weiser Irr. District v. Middle Valley etc. Ditch Co.,* 28 Ida. 548, 155 Pac. 484; *Grain v. Aldrich, supra; Osterhoudt v. Board of Supervisors,* 98 N. Y. 239.)

The complaint, when tested by a general demurrer, states a cause of action, by a party entitled to sue, against the respondents for an accounting to the corporation for such injury as their alleged acts have caused it.

It is true appellant prays for damages, for herself alone, in the amount she paid for her stock, which she states has become worthless through respondents' acts. That is only her opinion as to the relief which should be granted, and is not binding upon the court. She should be granted any relief her pleadings and proof show her to be entitled to, either in law or equity. (*Rauh v. Oliver,* 10 Ida. 3, 77 Pac. 20; *Bates v. Capital State Bank,* 21 Ida. 141, 121 Pac. 561; *Idaho Irr. Co. v. Dill,* 25 Ida. 711, 139 Pac. 714; *Poncia v. Eagle,* 28 Ida. 60, 152 Pac. 208; *Carroll v. Hartford F. Ins. Co.,* 28 Ida. 466, 154 Pac. 985.)

The court erred in sustaining the demurrer. In view of this conclusion the other assignments of error become immaterial.

The judgment appealed from is reversed and the cause remanded with instructions to the trial court to overrule the demurrer, to order Idaho State Building, Loan & Savings Association, Ltd., a corporation, to be brought into the action, and to make such other orders as the condition of the action and justice shall require, as provided for by sec. 4113, Rev. Codes. Costs are awarded to appellant.

Budge, C. J., and Rice, J., concur.