CHARLES W. EDGAR, Respondent, v. GEORGE O. ELLISON, Appellant.— Judgment and order of the County Court of Orange county reversed and new trial ordered, costs to abide the event, on the ground that the purchaser did not go to Edgar's office on the adjourned day with the cash as he was required to do. There is no satisfactory proof that the plaintiff procured a purchaser ready, willing and able to perform at the appointed time and place. Jenks, P. J., Thomas, Rich, Blackmar and Jaycox, JJ., concurred.

ANGELA M. GALLAGHER, Appellant, v. EAGLE SAVINGS AND LOAN COMPANY, Respondent.— Judgment dismissing the first cause of action affirmed, with costs. Mills and Blackmar, JJ., concurred on the ground that the allegations of fraud are promissory in their nature and insufficient, and not statements as to any existing fact. Putnam, Kelly and Jaycox, JJ., concurred on the ground that the allegations of paragraphs III and VII do not show that all or indeed any part of plaintiff's deposits were made before the discovery of the alleged fraud; in paragraph III plaintiff sets forth her deposits and withdrawals, which deposits and withdrawals continued until January 1, 1915, when her deposits exceeded her withdrawals by $296.55; she discovered the falsity of defendant's representations in 1914 (paragraph VII), and the complaint does not show that she did not deposit the total amount now due after she possessed that knowledge; deposits or payments made after she knew the true facts cannot be recovered in this action; in the absence of averment that the moneys now due or some of them were paid to defendant before she obtained knowledge of the true facts, the complaint does not state a cause of action.

AUSTIN H. HART, Respondent, v. WARREN S. M. MEAD, Sued as WILLIAM S. M. MEAD, and Others, Appellants, and Others, Defendants.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, except as to the allegation of damage in paragraph 10. The necessary allegations of a complaint in an action of this character are: *First*, the cause of action in favor of the corporation, which should be stated in the same manner and with the same details of facts as would be proper in case the corporation itself had brought the action; *second*, the facts which enable plaintiff to maintain the action in place of the corporation; that he is a stockholder therein and that the corporation itself has refused or unreasonably failed to bring the action. Ordinarily, no other allegations are necessary or material. (*Kavanaugh* v. *Commonwealth Trust Co.*, 181 N. Y. 121, 124.) Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concurred.

AARON I. HEYDERMAN, Respondent, v. ROTHSTEIN, ROSENBERG & SALNY, INC., Appellant.— Order affirmed, with ten dollars costs and disbursements. We understand that the plaintiff has limited the scope of the inquiry proposed to the list of customers already submitted by him to the defendant, and that the examination should be confined accordingly. Jenks, P. J., Mills, Rich, Putnam and Kelly, JJ., concurred.