In the Matter of the Application of George F. Schwaner and Another, Respondents, for the Adoption of Helen Sheehan. Jeremiah Sheehan, Appellant.— Order of the Children's Court denying appellant's motion to permit the filing of an answer, and to offer further testimony in opposition to the application for adoption, reversed upon the law, without costs, and motion granted, without costs. To establish an abandonment of a child as a basis for an order of adoption as against a non-consenting and protesting parent the courts require " a considerable degree of clearness and certainty in the proof of the renunciation." (See *Matter of Bistany*, 209 App. Div. 286, 288; affd., 239 N. Y. 19.) We refrain at this time from expressing any opinion as to the quality of the proof thus far adduced. There is also involved in the proposed further testimony an attack upon one of the petitioners and the question of her fitness to become one of the adoptive parents must be determined. The sufficiency of the entire evidence to warrant the adoption sought may be subjected to review on appeal from the final order. Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ., concur.

Michael Kilgallon, Respondent, v. The Cunard Steamship Company, Ltd., Appellant.— Judgment and order unanimously affirmed, with costs. We are of opinion that the jury were justified in concluding that there was negligence on the part of the master in permitting the skid to be held where the ropes would necessarily chafe; so that if we were to assume that the fellow-servants were negligent in not obtaining a proper rope, such negligence was of a concurring character only. The master is not absolved from liability where his negligence concurs with that of fellow-servants. Present — Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ.

David W. Levy, Respondent, v. The Wolf Company and Others, Appellants, Impleaded with Another, Defendant.— This is an action brought by the plaintiff individually and on behalf of all other stockholders, for the appointment of a receiver and for an accounting by the individual defendants of their acts as directors and officers of the defendant corporation. The complaint contains many irrelevant and immaterial allegations ( *Kavanaugh* v. *Commonwealth Trust Co.*, 181 N. Y. 121, 123, 124), and the order, in so far as it provides for an examination before trial, and a production of books and papers relating to such irrelevant and immaterial matter, is modified by striking therefrom items numbered 1, 2, 5, 8 and (i); and as so modified affirmed, without costs. Kelly, P. J., Rich, Jaycox, Manning and Kelby, JJ., concur.