THE PEOPLE ex rel. EDWIN W. FISKE, and EDWIN W. FISKE, Plaintiffs, *v.* EDWARD F. BRUSH, Defendant.*

(Supreme Court, Westchester Special Term, May, 1918.)

*Quo warranto — complaint alleging plaintiff's right to office and the taking of it by defendant — motion to compel separate statement of causes of action denied.*

MOTION to compel plaintiff to separately state causes of action set forth in the complaint.

Merton E. Lewis, Attorney-General (Arthur M. Johnson, Sydney A. Syme, of counsel), for plaintiffs.

George H. Taylor, Jr. (James H. Cavanaugh, of counsel), for defendant.

___

* Affirmed by Appellate Division, Second Department, June 7, 1918.—[REPR.

SEEGER, J. Motion to compel plaintiff to separately state the causes of action set forth in the complaint.

The defendant charges that the complaint states two separate causes of action — one based upon the allegation that the relator Fiske was elected to the office of mayor of the city of Mount Vernon, and the other that he was entitled to hold said office by reason of the fact that he was elected to said office at the previous election, and that at the last election there was no election because of a tie vote and that Fiske was entitled to hold over until his successor could be chosen.

The complaint alleges in substance that the defendant has usurped the office, that he did not receive the greater number of votes cast at the election, and therefore was not elected. This states but one cause of action, or one wrong done by the defendant, even if it does allege that the relator received the greater number of votes cast, or that there was a tie vote.

The complaint alleges only one primary right of the plaintiff — the right to hold office, and one primary wrong done by the defendant — the taking of it by the defendant, and accordingly alleges only one cause of action. *Payne* v. *N. Y., L. E. & W. R. R. Co.,* 201 N. Y. 436, 440.

The motion should be denied, with costs.

Motion denied, with costs.