THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWIN W. FISKE and EDWIN W. FISKE, Respondents, v. EDWARD F. BRUSH, Appellant. (Appeal No. 2.) — Order modified as follows: In the 2d paragraph of the amended complaint the first sentence is allowed to stand. The balance of the paragraph beginning with the words " Annexed hereto," etc., and including Exhibits A and B therein mentioned, is stricken out. The 3d paragraph is allowed to stand. The 4th, 8th, 9th including Exhibit C, 10th, 11th, 12th, 13th and 14th paragraphs are stricken out. The 15th, 16th, 17th, 18th and 19th paragraphs are allowed to stand. The 21st paragraph is stricken out. The 22d paragraph may stand. The rule governing motions to strike out allegations in pleadings as redundant and irrelevant is correctly stated by the learned justice at Special Term in his memorandum filed on denial of defendant's motion. (See 104 Misc. Rep. 708.) Such applications are not favored, and will be denied unless the allegations are clearly irrelevant and to the prejudice of the moving party. ( Kavanaugh v. Commonwealth Trust Co., 181 N. Y. 121; Vogt v. Vogt, 86 App. Div. 437.) The election which is the subject of this quo warranto action was close and the final result of the litigation must depend on the determination of the question as to who received a majority of the legal votes cast. This must be determined at the trial. The issue is plainly stated. It is not fair to either party to limit the full examination of the ballots and the procedure of the election officials, by the introduction in the pleadings of matters of evidence to be examined and passed upon at the trial. Therefore, in an election of this importance, and which may be determined one way or the other by one or two votes, it is best to eliminate such matters. In allowing certain of the allegations in the amended complaint to stand, we feel that while they may be open to the criticism that they are to some extent redundant no harm can come to defendant by requiring him to plead to them. The defendant offered on the argument, and the offer is found in his points, to answer an amended complaint in conformity with our decision in one day after service. This desire to expedite the trial is praiseworthy, and as it is best that a second amended complaint be served, we will make that direction. As so modified the order is affirmed, without costs. If the result of our decision is that this case is not triable at the present term, the court will order a term for the trial of this action in July next. Jenks, P. J., Thomas, Blackmar, Kelly and Jaycox, JJ., concurred.